960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Jack Arthur BONEBRAKE, Appellant.
 91-3195.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 13, 1992.
April 20, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, BEAM, Circuit Judge, and HUNGATE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Jack A. Bonebrake appeals his sentence of forty-eight months imprisonment imposed by the district court[1] after he pleaded guilty to unlawful use of a telephone. We affirm.
 
 
 2
 Bonebrake pleaded guilty to using a telephone to facilitate the commission of a felony, i.e., conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 843(b). Under U.S.S.G. § 2D1.6, the base offense level for Bonebrake's offense was the offense level applicable to the underlying offense; the court thus set the base offense level at 32 under U.S.S.G. § 2D1.1(c) and subtracted two levels for acceptance of responsibility and two additional levels for role in the offense under U.S.S.G. §§ 3E1.1 and 3B1.2(b). Bonebrake's category II criminal history and the adjusted offense level of 28 produced a sentencing range of 87 to 108 months. The statutory maximum for the offense, however, was four years. See 21 U.S.C. § 843(c). The court thus sentenced Bonebrake to forty-eight months imprisonment.
 
 
 3
 We reject Bonebrake's arguments that the Guidelines were inapplicable to his case and that he was entitled to "pro rata" downward adjustments from the forty-eight month sentence for his role in the offense and acceptance of responsibility. See U.S.S.G. § 5G1.1(a) (where statutorily authorized maximum sentence is less than minimum sentence of applicable Guideline range, statutorily authorized maximum sentence is the Guideline sentence). As the government correctly argues, the Guideline application instructions in U.S.S.G. § 1B1.1 require that any adjustments for acceptance of responsibility and role in the offense are to be made prior to determining the Guideline range. Any sentence below forty-eight months would have constituted a departure from the Guidelines. See U.S.S.G. § 5G1.1, comment.; see also, e.g., United States v. Adonis, 891 F.2d 300, 302 (D.C. Cir. 1989). We have considered and reject as meritless Bonebrake's equal protection and equitable estoppel arguments.
 
 
 4
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE WILLIAM L. HUNGATE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota